UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OBANY COELLON ROCA (A No. 079 432 120),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-6017 DC CKD P

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the Central Valley Annex ICE Detention Facility, proceeds with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be DENIED.

I. Background

Petitioner, 50, is a native and citizen of Cuba. ECF No. 8-1 at 1. He entered the United States without authorization on April 15, 2002, at Key West. ECF No. 8-1 at 1; 8-3 at 1.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

On May 6, 2026, and upon his release from the Florida Department of Corrections following a two-year sentence for several offenses including possession of methamphetamine and grand theft from a construction site, petitioner was taken into ICE custody for third country removal. ECF No. 8-1 at 2-3. At that point, petitioner was already subject to a final order of removal issued September 14, 2006. ECF No. 8-1 at 2. Petitioner has been convicted of at least three other offenses while in the United States. ECF No. 8-1 at 3, ECF No. 8-2.

As of May 8, 2026, petitioner was to be removed to Mexico. ECF No. 8-3 at 4. That has not occurred. ECF No. 10.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

Respondents assert that petitioner remaining in ICE custody is proper because he is obstructing his removal to Mexico. However, they present no evidence in support of this other than the fact that petitioner refused to put his signature on a document in which petitioner was informed that it was ICE's intent that he be removed to Mexico. ECF No. 8-3 at 4. Specifically, petitioner refused to put his signature inside a box titled "CERTIFICATE OF SERVICE" which included a deportation officer's certification that a copy of the notice of intent was given to petitioner and its contents read aloud to petitioner. Petitioner's refusal to place his signature in

the box was a refusal to acknowledge that he had been made aware of its contents of the document and does not, by itself, amount to petitioner obstructing removal to Mexico.

However, it appears petitioner's detention is still lawful. It does not appear in the record that petitioner was detained following entry of his order of removal. That being the case, petitioner's present detention is governed by Zadvydas v. Davis, 533 U.S. 678, 683 (2001). Ruiz-Acosta v. Central Valley Annex, No. 1:26-cv-4371 DAD JDP P, 2026 WL 1846727, *2 (E.D. Cal. June 25, 2026). In Zadvydas, the Supreme Court held that detention to facilitate removal is presumptively reasonable for six months. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Petitioner's ICE detention has not yet reached six months.

For all of the foregoing reasons, IT IS HEREBY ORDERED that the court's September 18, 2026, recommendation that this action be dismissed because petitioner has been released from custody is VACATED.

IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 12, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/roca6017.imm.frs